# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RHONDA GAIL BURCHFIELD, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-3378-SSA-CV-S-MJW |
| CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration, | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Rhonda Gail Burchfield seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on August 26, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### **Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in January of 1968, and alleges she remains disabled under the Social Security Act consistent with the decision dated August 12, 2003. In 2003, plaintiff was found disabled as of December 15, 2000, due to affective and anxiety-related disorders. On April 14, 2009, it was determined that plaintiff was no longer disabled as of April 1, 2009. This determination was upheld by a state agency Disability Hearing Officer following a disability hearing. Thereafter, plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ). A hearing was held on July 19, 2010, and an unfavorable decision was reached by the ALJ finding plaintiff was not disabled as defined by the Social Security Act.

At issue in this case is not the denial of plaintiff's initial application for disability, but rather an appeal of the termination of her disability benefits as of April 14, 2009. As such, the ALJ was required to follow an eight-step evaluation process which is unique to revocation of benefits. 20 C.F.R. § 404.1594.

Here the ALJ properly followed this eight-step evaluation process. The ALJ determined plaintiff has not been engaging in substantial activity, and as of April 1, 2009, had the following medically determinable impairments: obesity; lumbar spine degenerative disc and facet disease; rotator cuff tendonitis with bone spur after surgical repair; diabetic mellitus with neuropathy;

heart murmur with hypertrophy, atrial dilation, obstructive sleep apnea, depression and anxiety. The ALJ determined these impairments did not meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At Step 3, the ALJ must determine whether medical improvement has occurred. Here the ALJ determined the medical evidence supported that medical improvement had occurred as of April 1, 2009; thereby increasing plaintiff's residual functional capacity (RFC) and ability to work. The ALJ found that as of April 1, 2009, plaintiff's impairments presented in her original claim for disability had decreased in medical severity to the point that plaintiff had an RFC to do sedentary work, but with specific limitations to account for her impairments. Based on this RFC, and the testimony of a vocational expert, the ALJ determined that while plaintiff could not do her past relevant work, she was able to do other work that exists in significant numbers in the national economy. As a result, the ALJ determined plaintiff's disability ended as of April 1, 2009.

Plaintiff alleges the ALJ erred in excluding plaintiff's physical limitation in the RFC, in improperly discrediting her treating physician's opinion, and generally, in failing to fully develop the record to support a proper basis for cessation. The Commissioner argues the ALJ gave proper weight to the medical evidence, including the opinion of Dr. Dobard, and properly formulated plaintiff's RFC based on her credible impairments. The Commissioner asserts the ALJ's decision is supported by substantial evidence in the record, and the burden was met supporting cessation of plaintiff's disability benefits.

Upon review, this Court finds the ALJ's decision is based on substantial evidence. The ALJ properly weighed the medical evidence in determining plaintiff had only mild limitation in her bilateral dexterity and that her mental health impairments were improved with medications. There was no error in the ALJ giving little weight to Dr. Dobard's opinion. The ALJ may discount a treating physician's opinion when it is inconsistent with his own treatment records and the record as a whole. See Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000) (ALJ may discount or even disregard the opinion of a treating physician where a treating physician's clinical treatment notes are inconsistent with the physician's opinion). There was no error in the ALJ giving great weight to the opinion of consulting physician Dr. Akeson. See 20 C.F.R. § 404.1527(c), (e) (opinions of nontreating physicians may be considered). The ALJ properly

discussed how Dr. Akeson's opinion was consistent with the record as a whole. See Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006) (having determined the treating physician's opinion was inconsistent with substantial evidence in the record, the ALJ is clearly authorized to consider the opinions of other physicians). See also Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009) (ALJ can properly credit other medical evaluations in the record over that of the treating physician where those assessments are supported by evidence within the record). Additionally, it is the ALJ's duty to weigh the medical evidence, and here that is exactly what the ALJ did in resolving inconsistencies between the opinions of Drs. Stuffebam and Hwang. Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) ("It is the ALJ's function to resolve conflicts among the various treating and examining physicians.").

As to plaintiff's claim that her physical impairments limit the use of her arms and hands such that she cannot do sedentary work, the ALJ properly discussed how the medical evidence and the record as a whole[2] do not support such restriction. The ALJ did not err in determining plaintiff's RFC.

## Conclusion

The ALJ thoroughly discussed the medical and other evidence in the record and determined plaintiff's RFC had changed by April 2009. In reaching this decision, the ALJ properly relied upon the statements of plaintiff to the extent they were found credible, a number of medical opinions, and other evidence within the record as a whole. The medical evidence, and the record as a whole, support that plaintiff's physical limitations are mild and that her mental health impairment improved with medications. The ALJ's decision was within the zone of choice and is supported by substantial evidence in the record as a whole. See Travis v. Astrue, 477 F.3d 1037, 1042 (8th Cir. 2007) ("As there is conflicting evidence on the record, the ALJ's determination … does not lie outside the available zone of choice.") (citing Hecker v. Astrue, 459 F.3d 934, 938 (8th Cir. 2006)).

---

[2] This discussion includes the issue of plaintiff's credibility. The ALJ gave valid reasons for discounting plaintiff's credibility. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (where adequately explained and supported, credibility findings are for the ALJ to make); Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003) (subjective complaints of physical and/or mental health problems may be discounted where they are inconsistent with medical reports, daily activities or other such evidence).

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 9th day of September, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge